Megan J. Crowhurst, Bar No. 132311
mcrowhurst@littler.com
Joseph M. Cooper, Bar No. 195169
jcooper@littler.com
LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Telephone:   503.221.0309
Fax No.:     503.242.2457

Attorneys for Defendant, United Airlines, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AMY WU LUPRO,**<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>**UNITED AIRLINES, INC.,**<br><br>　　　　Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant United Airlines, Inc., by filing this Notice of Removal and related papers, removes this action from the Circuit Court of the State of Oregon for the County of Multnomah ("Multnomah County Circuit Court") to the United States District Court for the District of Oregon, Portland Division ("District Court of Oregon"). Defendant removes this case based on the existence of federal questions, namely, the Railway Labor Act, 45 U.S.C. §§ 151 through 165, 181 through 188, and diversity of citizenship, 28 U.S.C. §§ 1332 and 1441.

**STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States

Page 1 - NOTICE OF REMOVAL

LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). To remove a case from state court to federal court, a defendant merely needs to file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014).

Pursuant to 28 U.S.C. § 1446(a), all papers filed with the state court and served on the Defendant at the time of the removal are attached to the Declaration of Megan J. Crowhurst in support of Defendant's Notice of Removal ("Crowhurst Decl.") ¶ 2, as **Ex. A**. No further proceedings have been had in the Multnomah County Circuit Court as of the date of filing this Notice of Removal. Crowhurst Decl. ¶ 2. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing Plaintiff written notice of the filing of this Notice of Removal. Furthermore, Defendant is filing a copy of this Notice of Removal with the Clerk of the Multnomah County Circuit Court, where the action is currently pending. Crowhurst Decl. ¶ 3.

Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal shall be filed within 30 days after service on defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## NOTICE OF REMOVAL IS TIMELY

This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1). On August 4, 2022, Plaintiff Amy Wu Lupro filed a civil action against Defendant in Multnomah County Circuit Court entitled *Amy Wu Lupro v. United Airlines, Inc.*, Case No. 22CV25803. Crowhurst Decl. ¶ 2, Ex. A. Defendant received service on August 9, 2022. Crowhurst Decl. ¶ 4. Thus, this removal is timely filed pursuant to 28 U.S.C. § 1446(b), *i.e.,* within thirty (30) days after Defendant received

Page 2 - NOTICE OF REMOVAL

the initial pleading.

## FEDERAL QUESTION JURISDICTION EXISTS

Pursuant to 28 U.S.C. §§ 1331, this Court has original federal question jurisdiction over this action, because Plaintiff's claims are completely pre-empted by the Railway Labor Act ("RLA"), 45 U.S.C. § 181 *et seq*. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, (9th Cir. 2018) (holding that state law claims will be preempted by the RLA if "application [of state law to the claims] requires the interpretation of a collective bargaining agreement"); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024 (9th Cir. 2016) (holding the same for claims under the § 301 of the Labor Management Relations Act); *Robinson v. Northwest Airlines*, CIV.04-650 ADM/AJB, 2004 WL 1941277, at *4 (D. Minn. Aug. 30, 2004) (When "a federal statute completely preempts an area of state law, any claim purportedly based on the pre-empted state law is considered, from its inception, [to be] a federal claim[,]" and "under the complete preemption doctrine, the RLA preempts state law claims that require an interpretation of, or involve rights and duties created or defined by, collective bargaining agreements[.]").

Defendant is a common carrier by air and therefore covered by the Railway Labor Act ("RLA"). *See* 45 U.S.C. § 181. At all times relevant to this litigation, Plaintiff worked for Defendant as a Customer Service Representative; was a member of a bargaining unit represented by the International Association of Machinists & Aerospace Workers ("IAMAW"); and was subject to a collective bargaining agreement (the "CBA") negotiated between Defendant and the IAMAW.[1] *See* Declaration of Dorota Karpierz ("Karpierz Decl.") ¶ 2.

---

[1] The applicable CBA is publicly available for review on IAMAW's website at https://iam141.org/wp-content/uploads/2017/03/united_passenger_service_contract_2016.pdf, (last visited September 8, 2022).

Page 3 - NOTICE OF REMOVAL

LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

Plaintiff alleges, among other things, late payment of wages under Oregon's final pay statute, ORS § 652.140, and entitlement to penalty payments under ORS § 652.150 for alleged failure to timely pay final wages following Plaintiff's termination on or about December 4, 2019. *See* Crowhurst Decl. ¶ 2, Ex. A, Compl. ¶¶ 4-12.  Plaintiff also claims Defendant still owes her $2,640.80 in unpaid wages. Crowhurst Decl. ¶ 2, Ex. A, Compl. ¶¶ 9, 13. Each of these claims require interpretation of various provisions of the CBA.

The last shift Plaintiff worked for Defendant occurred on or about October 2, 2019. Karpierz Decl. ¶ 3. On or about October 24, 2019, Plaintiff received all wages earned for the hours she worked during that shift. Karpierz Decl. ¶ 4.  On or about October 3, 2019, Plaintiff was placed on unpaid leave pending Defendant's investigation into workplace misconduct that ultimately resulted in Plaintiff's termination. Karpierz Decl. ¶ 5. To the extent Plaintiff was entitled to any additional pay from October 3 until her December 4 termination, that entitlement arose solely from terms in the CBA covering Plaintiff's employment.[2] For example, under the terms of the CBA, employees held out of service without pay pending investigation for greater than 30 days must revert to paid status until such investigation is resolved. *See* Article 9(A)(4). Similarly, the CBA contains various provisions governing accrual of sick leave,[3] vacation,[4] holiday pay,[5] quarterly bonus incentives,[6] and the circumstances under which these benefits must be paid out upon an employee's separation.  Thus, to the extent Plaintiff was entitled to any additional compensation after October 2, 2019, it arose solely from terms within the CBA, and not from wages for hours worked. Accordingly, any entitlement to alleged unpaid wages or penalty payments for untimely

---

[2] See https://iam141.org/wp-content/uploads/2017/03/united_passenger_service_contract_2016.pdf.
[3] *See* Article 6(B).
[4] *See* Article 5(A).
[5] *See* Article 5(B).
[6] *See* Article 3(N).

Page 4 - NOTICE OF REMOVAL

final wages pursuant to ORS 659A.140 and ORS 659A.150 will necessarily require interpretation and application of the CBA to determine what, if any, compensation Plaintiff was owed and when that payment was due. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1035 (9th Cir. 2016) ("Because the state law claims substantially depend on an interpretation of the [applicable] CBA, [Plaintiff]'s state law claims are to that degree preempted by § 301 [and the RLA].").

## DIVERSITY OF CITIZENSHIP EXISTS

This action may also be removed pursuant to 28 U.S.C. § 1332 and § 1441, because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Plaintiff is an adult resident of Washington County, Oregon. *See* Crowhurst Decl. ¶ 2, Ex. A, Compl. ¶ 1. Defendant United Airlines, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. *See* Crowhurst Decl. ¶ 2, Ex. A, Compl. ¶ 2. Because a corporation is a "citizen" both of the state in which it was organized and of the state where it has its principal place of business, United Airlines, Inc. is a citizen of Delaware and Illinois, but not Oregon, for diversity purposes. *See* 28 U.S.C. § 1332(c).

Plaintiff's Complaint satisfies the amount in controversy threshold under 28 U.S.C. § 1332(a). In her prayer for relief, Plaintiff seeks $10,563.20 in damages plus reasonable attorney fees and costs. Crowhurst Decl. ¶ 2, Ex. A, Compl. ¶ 13. The amount in controversy may include attorneys' fees and is the amount at stake in the underlying litigation and not a prospective assessment of the defendant's liability. *See Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Defendant has a good faith and reasonable belief that, if the lawsuit proceeds through trial, Plaintiff's attorney will seek more than $65,000 in fees and costs. Crowhurst Decl.

Page 5 - NOTICE OF REMOVAL

LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

¶ 5. Therefore, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

## REMOVAL TO THIS DISTRICT IS PROPER

Removal of the above-captioned state court action to this Court is appropriate. Pursuant to 28 U.S.C. § 1441(a), removal is made to this Court as the District and Division embracing the place where the state court action is pending. Venue is proper in this district because the District Court of Oregon is the judicial district and division embracing the place where the state court case is pending (*i.e.*, Multnomah County Circuit Court). 28 U.S.C. § 117. Defendant has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by filing this Notice of Removal. Crowhurst Decl. ¶ 6.

## CONCLUSION

WHEREFORE, Defendant hereby removes this civil action from the Multnomah County Circuit Court to this District Court of Oregon.

Dated:    September 8, 2022

Respectfully submitted,

LITTLER MENDELSON P.C.

*/s/ Megan J. Crowhurst*
Megan J. Crowhurst, OSB No. 132311
mcrowhurst@littler.com
Joseph M. Cooper, OSB No. 195169
jcooper@littler.com

Attorneys for Defendant, United Airlines, Inc.

Page 6 - NOTICE OF REMOVAL

LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309